UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WILLIAM NAUGHTON and MARIA )
HORRIDGE, )
    Plaintiffs, )
)
v. ) C.A. No. 13-507-M-PAS
)
GILBANE, INC. and ROBERT A. )
MCDONALD,[1] SECRETARY OF )
VETERANS AFFAIRS, )
    Defendants. )

## MEMORANDUM AND ORDER

JOHN J. McCONNELL, JR., United States District Judge.

Plaintiff William Naughton, M.D. filed this suit against the Defendant Secretary of Veterans Affairs ("Secretary"), claiming damages for a failure to accommodate his disability under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* (the "Rehabilitation Act"). The Secretary moves to dismiss his complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, claiming that the Federal Employee Compensation Act, 5 U.S.C § 8101 *et seq.* ("FECA"), is Dr. Naughton's exclusive remedy for his claims. After a thorough review of the record, the law, and all counsels' excellent advocacy, this Court concludes that it has subject-matter jurisdiction because Dr. Naughton has set forth a valid federal discrimination claim under the Rehabilitation Act, and based on the existing record, that FECA does not provide the exclusive remedy for such discrimination claims. Therefore, the Secretary's motion to dismiss is DENIED.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the Court has substituted Robert A. McDonald as the official capacity defendant, replacing the previously named Veterans Affairs Secretary Eric Shinseki, since his confirmation as Secretary of Veterans Affairs on July 30, 2014.

I.  **FACTS**

Defendant Gilbane, Inc. has been performing extensive construction work at the Providence Veterans Administration Hospital, including the area around the podiatry clinic. The work includes brick pointing and fabrication, demolition, and construction as well as heating, ventilation, and plumbing work. Dr. Naughton is a part-time podiatrist in the podiatry clinic at the hospital. He alleges that construction dust and other irritants stream into the podiatry clinic.

Dr. Naughton suffers from asthma, "a condition, handicap, and disability which ha[s] substantially limited [his] major life activities." (ECF No. 23 at ¶ 147).[2] He asserts, however, that prior to Gilbane doing construction work at the hospital he was without any detrimental effects to his breathing, the construction seriously exacerbated his breathing disability, and the hospital refused to reasonably accommodate him. (*Id.* at ¶¶ 83, 149).

Dr. Naughton's claim under the Rehabilitation Act is that he suffered personal injury because the Veteran Affairs' failed to accommodate his disability due to asthma by refusing to move him to an environment free of construction dust and materials. (*Id.* at ¶ 149). Dr. Naughton details numerous complaints he made to Veterans Affairs and Veterans Affairs' failure to accommodate his breathing disability, alleging that the failure to accommodate was a punishment for Dr. Naughton's complaints about the clinic's conditions. (ECF No. 26 at 2-7).

---

[2] The Secretary denies many of Dr. Naughton's factual allegations, but for purposes of this motion, the court is obliged to accept the factual allegations contained in the complaint as true. *Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 41 (1st Cir. 2003) (citing *Martin v. Applied Cellular Tech.*, 284 F.3d 1, 5–6 (1st Cir. 2002)). The Court also must "construe plaintiffs' complaint liberally and ordinarily 'may consider whatever evidence has been submitted such as . . . depositions and exhibits.'" *Carroll v. United States*, 661 F.3d 87, 94 (1st Cir. 2011) (quoting *Aversa v. United States*, 99 F.3d 1200, 1209-10 (1st Cir. 1996)). The Court only cites the facts alleged that are relevant to its analysis.

2

He claims that the failure to accommodate his disability "has caused him significant harm" and seeks damages and injunctive relief. (*Id.*; ECF No. 23 at ¶¶ 149-150).

## II. ANALYSIS

The Court must first determine whether Dr. Naughton has set forth a valid claim under the Rehabilitation Act. If he has, then the Court turns to Veterans Affairs' position that this Court is divested of subject matter jurisdiction because all of Dr. Naughton's claims.

### *A.  Rehabilitation Act*

"The . . . Rehabilitation Act prohibit[s] discrimination against an otherwise qualified individual based on his or her disability. The Rehabilitation Act, the precursor to the ADA [Americans with Disability Act], applies to federal agencies, contractors and recipients of federal financial assistance, while the ADA applies to private employers with over 15 employees and state and local governments." *Calero-Cerezo v. U. S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004); see also *Vazquez-Rivera v. Figueroa*, No. 12-2439, 2014 WL 3409704 (1st Cir. July 15, 2014). "The federal statutes barring discrimination based on disability do more than merely prohibit disparate treatment; they also impose an affirmative duty on employers to offer a 'reasonable accommodation' to a disabled employee." *Calero-Cerezo*, 355 F.3d at 19-20 (citing *García–Ayala v. Lederle Parenterals, Inc.*, 212 F.3d 638, 646 n. 9 (1st Cir. 2000)).

To assert a claim for failure to accommodate under the Rehabilitation Act, Dr. Naughton would have to establish that: (1) [he] "suffered from a "disability" within the meaning of the statute;" (2) [he] "was a qualified individual in that [he] was able to perform the essential functions of [his] job, either with or without a reasonable accommodation;" and (3) "despite [his] employer's knowledge of [his] disability, the employer did not offer a reasonable

3

accommodation for the disability." *Calero-Cerezo*, 355 F.3d at 20 (citing *Carroll v. Xerox Corp.*, 294 F.3d 231, 237 (1st Cir. 2002)).

The Secretary points to various matters outside the complaint in an attempt to show that Dr. Naughton's Rehabilitation Act claim is actually nothing more than a claim for injury arising out of his employment. (*See, e.g.*, ECF No. 25). The Court reviewed the evidence and finds that it does not support such a conclusion. Despite the Secretary's argument to the contrary, Dr. Naughton has adequately set forth a claim under the Rehabilitation Act. While the complaint and discovery to date may not always be as precise in its wording and allegations, this Court reads the complaint in its totality as setting forth a plausible claim pursuant to the Rehabilitation Act. Dr. Naughton has pled plausible facts sufficient to establish each of the necessary elements of his Rehabilitation Act claim. He asserts in the complaint that (1) he suffers from the disability of asthma, which is a disability under the Act. (ECF No. 23 at ¶ 83); (2) he was qualified and did perform the functions of his job (*Id.* at ¶ 148); and (3) Veterans Affairs knew of his disability and did not offer reasonable accommodations to him. (*Id.* at ¶ 149).

Moreover, because the Secretary's assertions in support of its Motion to Dismiss are so fact intensive, it behooves the Court to decline to make a ruling dismissing this federal employee's claim of disability discrimination based on an abbreviated factual record at the infancy stage of this litigation. While the Court finds today that Dr. Naughton has alleged a plausible claim under the Rehabilitation Act, whether he was injured by the Veterans Affairs' failure to accommodate his disability is a question for the trier of fact after full discovery of the facts.

## B. *FECA Exclusive Remedy*

Now the Court must consider the Secretary's argument that FECA divests this Court of jurisdiction[3] to hear Dr. Naughton's claim because he is a federal government employee and FECA provides his exclusive remedy for the injury and damages alleged.

FECA is in essence a workers compensation act for federal employees. *McDonough v. Donahoe*, 673 F.3d 41, 49 (1st Cir. 2012). The purpose of FECA is to serve as "a federal worker's compensation program . . . available for employees who suffer from a 'disability' stemming from an on-the-job injury." *Id.* FECA provides that "[t]he United States shall pay compensation . . . for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty[.]" 5 U.S.C. § 8102(a). FECA expressly defines "injury" to include a "disease proximately caused by employment[.]" 5 U.S.C. § 8101(5). According to the statute, the United States' liability and FECA's remedy "with respect to the injury or death of an employee is *exclusive and instead of all other liability* of the United States . . . ." 5 U.S.C. § 8116(c) (emphasis added). It is this exclusivity language that provides the grounds on which the Secretary asserts that this Court is without jurisdiction to hear Dr. Naughton's Rehabilitation Act claim. After a thorough review of the purposes behind each statute, the congressional history in enacting each statute, and the prior rulings of courts on the coexistent statutes, this Court finds that FECA does not negate Dr. Naughton's Rehabilitation Act claim.

---

[3] "A motion to dismiss an action for failure to state a claim or for want of subject-matter jurisdiction may be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Calhoun v. United States*, 475 F. Supp. 1, 2 (S.D. Cal. 1977) *aff'd*, 604 F.2d 647 (9th Cir. 1979), *cert. denied*, 444 U.S. 1078 (1980).

Reviewing the purposes of the statutes proved to be a beneficial first step in the Court's analysis. The Rehabilitation Act is a separate, independent cause of action whose purpose is to redress disability employment discrimination and to provide damages for back pay, compensatory damages, attorney's fees, and injunctive relief by way of accommodation or reinstatement. *See Meester v. Runyon*, 149 F.3d 855, 858-59 (8th Cir. 1998) (Heaney, J., dissenting). The purpose of FECA, on the other hand, is to compensate injured employees for work-related injuries and to indemnify the United States against any actions in tort for those compensated injuries. *Id.*

While there may be some overlap between the statutes because they are both employment related, the Rehabilitation Act and FECA have different goals and provide different remedies for different injuries. In fact, the type of covered injury under FECA is very different and distinct from a covered injury under the Rehabilitation Act. FECA defines injury as "injury by *accident*, a disease proximately caused by the employment, and damage to or destruction of medical braces, artificial limbs, and other prosthetic devices which shall be replaced or repaired, and such time lost while such device or appliance is being replaced or repaired[.]" 5 U.S.C.A. § 8101(5) (emphasis added). Other courts have held that this definition

> unambiguously indicates that disparate treatment discrimination cannot, as a matter of law, fit within FECA's definition of 'injury' because such discrimination is an intentional—not accidental—act, is not a disease, and is not damage to or destruction of medical braces, artificial limbs, or other prosthetic devices. Thus, the harm suffered by a victim of disability discrimination is not an injury within the meaning of FECA.

*Morris v. Roche*, 182 F. Supp. 2d 1260, 1275 (M.D. Ga. 2002) (internal citations omitted); *see, e.g., Montana v. Donahoe*, EP-10-CV-212-KC, 2011 WL 3862213 (W.D. Tex. Sept. 1, 2011) (listing cases). This Court agrees.

This Court believes the dissent in the Eighth Circuit[4] case of *Meester* got it right when that court pointed out that an employee of a private employer who receives workers' compensation is not prohibited from asserting a Rehabilitation Act claim. Similarly, a federal employee who receives federal workers' compensation through FECA should not be prohibited from pressing a Rehabilitation Act claim against his employer. The court reasoned that

> [t]he legislative history indicates that FECA was intended to compensate employees who suffer work-related injuries and immunize employers from actions in tort for those same injuries similar to private workers' compensation statutes. A private employer's compliance with its workers' compensation obligations does not immunize it from Rehabilitation Act liability. Similarly, FECA's exclusivity provision must be read as foreclosing an employee who elects to receive FECA benefits from also bringing an action against her employer under the Federal Tort Claims Act, Suits in Admiralty Act, Public Vessels Act, etc. Congress has not amended FECA to state otherwise, nor has it limited Rehabilitation Act claims . . . .

*Meester*, 149 F.3d at 859-60. "It is unthinkable that Congress intended to disallow federal employees who are unfortunate enough to have been injured on the job from availing themselves of the protections afforded by those [anti-discrimination] statutes." *Morris*, 182 F. Supp. at 1277-78

In addition, when the Court looks at the legislative history of FECA, the language demonstrates that "Congress designed FECA to be a substitute only for common-law tort actions" not for an action based on disability discrimination. *Morris*, 182 F. Supp. 2d at 1276; *Miller v. Bolger*, 802 F.2d 660, 663 (3d Cir. 1986) ("FECA's legislative history . . . confirms that FECA was intended only to be a substitute for suits against the United States for tortious injury as authorized by statutes similar to the Federal Tort Claims Act.") Moreover, if this Court were to follow the Secretary's argument to its logical conclusion, it would establish a "hierarchy of

---

[4] There is no First Circuit precedent on this issue.

7

discrimination" allowing employees to seek redress for racial discrimination (under Title VII), but not disability discrimination under the Rehabilitation Act.[5] *Reidy v. Runyon*, 971 F. Supp. 760, 771 (E.D.N.Y. 1997) (quoting *Karnes v. Runyon*, 912 F. Supp. 280, 284–85 (S.D. Ohio 1995)). There is nothing in the Rehabilitation Act, explicit or implicit, that would allow this Court to rule that Congress intended for the Rehabilitation Act not to apply to injured federal employees. This Court will not limit federal employees' rights to redress disability discrimination without a clear statement of that intent from Congress.

In this case, Dr. Naughton is seeking different relief, i.e. damages and injunctive relief due to the Veterans Affairs' failure to accommodate his disability, than he seeks under FECA for a different injury, i.e. no-fault work-related injury. While there may be an overlap in damages, any FECA benefits Dr. Naughton receives will operate to reduce any recovery he receives resulting from his Rehabilitation Act claim if there was indeed any overlap in damages. *Morris*, 182 F. Supp. 2d at 1278. This potential overlap is not a sufficient enough reason to close the courthouse doors on a federal employee seeking redress for alleged disability discrimination.

### III. CONCLUSION

The Court DENIES the Secretary of Veterans Affairs' Motion to Dismiss (ECF No. 25). The Court finds that it does have subject matter jurisdiction over the Rehabilitation Act claim,

---

[5] While no First Circuit case specifically acknowledges that both FECA and Title VII claims can co-exist, the First Circuit has referenced on a number of occasions, without condemnation, cases where the plaintiff has made both claims. *See, e.g., McDonough*, 673 F.3d 41; *Kinan v. Cohen*, 268 F.3d 27 (1st Cir. 2001); *Velazquez-Rivera v. Danzig*, 234 F.3d 790 (1st Cir. 2000). Other circuits have explicitly so held. *See, e.g., Miller*, 802 F.2d 660; *Cabrera v. U. S. Dep't of Transp.*, No. 12-16536, 2014 WL 2595741 (11th Cir. June 11, 2014).

that Dr. Naughton has stated a valid claim under the Rehabilitation Act, and that Dr. Naughton should be allowed to prove his claim for disability discrimination.

IT IS SO ORDERED.

John J. McConnell, Jr.
United States District Judge

September 10, 2014